**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHANA WALTER, on behalf of plaintiff and a class, <br><br> Plaintiffs, <br><br> -against- <br><br> FIRSTSOURCE ADVANTAGE, LLC <br><br> Defendant. | **CLASS ACTION COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Chana Walter (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Cohen & Mizrahi LLP, against Defendant Firstsource Advantage, LLC. ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws… [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq.*, of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York who resides at 864 Driggs Avenue, Brooklyn, New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a collection agency with its registered agent located at CT Corporation System, 28 Liberty Street, New York, New York 10005.

10. Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if set forth at length herein.

13. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

14. The Class consists of (a) all individuals with addresses in the State of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt on behalf of Bank of America, N.A. (d) stating "Current Account Balance" (e) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

15. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e and 1692g.

18. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

19. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this

matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense.

21. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **ALLEGATIONS PARTICULAR TO CHANA WALTER**

23. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if set forth at length herein.

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, facsimile, and Internet.

25. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a collection letter to Plaintiff seeking to collect on an unpaid account originally owed to Bank of America, N.A.

26. On or about August 07, 2018, Defendant sent Plaintiff a collection letter (the "Collection Letter") seeking to collect a balance allegedly incurred for personal purposes. A copy of the Collection Letter is attached hereto and incorporated herein as **Exhibit A**.

27. The Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

28. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

29. Upon information and belief, Defendant's Collection Letter is a form letter.

30. Upon information and belief, the Defendant's Collection Letter is identical to other collection letters sent to consumers, which number in the hundreds.

31. Defendant's Collection Letter provides, in pertinent part, as follows: **"Current Account Balance: $4,283.27"**

32. As a result of the following counts Defendant violated the FDCPA.

## First Count
### Violation of 15 U.S.C. §§ 1692e and 1692g

33. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if set forth at length herein.

34. 15 U.S.C. § 1692g provides, in pertinent part, as follows:

> § 1692g. Validation of debts
>
> **(a) NOTICE OF DEBT; CONTENTS.** Within five days after the initial communication with a consumer in connection with the collection of any debt,

a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of debt

35. 15 U.S.C. § 1692e provides, in pertinent part, as follows:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) the false representation of –

        (A) the character, amount, or legal status of any debt; or…

    (5) the threat to take any action that cannot legally be taken or that is not intended to be taken

    (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

36. The Letter states: "**Current Account Balance: $4,283.27**"

37. It is Plaintiff's understanding and belief that, under the terms and conditions applicable to her Bank of America account, interest, late charges, and other charges and fees would accrue.

38. The least sophisticated consumer would reasonably presume and understand that the underlying credit card account such here, if not paid in full every month, accrues interest, late charges, and other fees that vary from day to day. Thus, the least sophisticated consumer would believe the truth of (a) the statement in the Letters that "**Current Account Balance: $4,283.27**"

was merely the balance as of the date of that respective letter, and (b) the implication that the amount due would increase daily because of interest, late charges, and other charges and fees if not promptly paid.

39. In fact, however, the balance of $4,283.27 was static and could not increase and, even if it could, Bank of America never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in the Letter.

40. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove debt from their financial statements as assets. See *Victoria J. Haneman, The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a "charge-off" account (or worthless account for taxable purposes) when no payment has been received for 180 days.") These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

41. That pursuant to such Regulations, Post-Charge-Off fees, interest and/or charges no longer accrue, and as such, Defendant was not contractually entitled to interest and fees.

42. Although the Letters' qualification of the amount due as "current" was literally true, such qualification was not a fact necessary to accurately disclose the amount of the Debt. The Letters would have accurately stated the amount of the Debt by stating "The amount due is $4,283.27" or "Balance: $4,283.27" By qualifying that the amount due was the "Current Account Balance" however, Defendant failed to accurately state the amount of the debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase on a daily basis due to interest, late charges, and other charges and fees—indeed, that the amount owed had already changed by the time the Collection Letter was received days later.

43. The Letter's effect of leading a consumer to wrongly conclude that the amount due is not static but, instead, could increase on a daily basis, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

44. A statement in a collection letter that the amount owed is as of a specified date implies that the balance will increase at a different date. See *Islam v. Am. Recovery Serv.*, No.: 17-cv-4228-BMC, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017) (Language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of *Avila*). See also, *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, No.: 17-cv-6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

45. The form letter attached as Exhibit A violates 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10) and 1692g, in that the letter suggests that the amount of the debt is increasing with time, but does not clearly disclose whether this is the case. See *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)); see also *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-CV-00523(ADS)(ARL), 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017); *Islam v. American Recovery Service Incorporated*, 17-CV-4228 (BMC), 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 30, 2017); and *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, No.: 17-cv-6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

46. As a result of the foregoing Count, Defendant violated the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**COHEN & MIZRAHI LLP**

Dated: Brooklyn, New York
March 28, 2019

By: /s/ Daniel C. Cohen
Daniel C. Cohen, Esq.
Edward Y. Kroub, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax: (929) 575-4195
Email: dan@cml.legal
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Daniel C. Cohen
Daniel C. Cohen, Esq.